James McManus, Respondent, *v.* John Ennis, Appellant.

*Judgment — unauthorized in some of its provisions — the objectionable provisions may be stricken out.*

Where, in an action brought to abate an alleged nuisance, consisting in the maintenance of certain cow stables, it is stipulated that the plaintiff may enter judgment for the relief demanded in his complaint and the judgment as entered is broader than was authorized by the demand for relief, and the judg-ment is subsequently modified by the court and the objectionable part of the judgment is stricken out at the instance of the defendant, he cannot subse-quently urge, upon an appeal taken by him from the judgment as modified, that the judgment should be reopened or set aside entirely.

APPEAL by the defendant, John Ennis, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of April, 1895, denying the defendant's motion to reopen

or modify a judgment of the Supreme Court in favor of the plaintiff, entered in said clerk's office on the 27th day of February, 1895, upon the decision of the court rendered after a trial at the Kings County Special Term, upon condition that the plaintiff consent to certain modifications therein specified, or, upon the plaintiff's refusal to accept such modifications, granting said motion, with fifty dollars costs to the plaintiff as against the defendant; and also from the judgment entered in the office of the clerk of the county of Kings on the 22d day of April, 1895, as modified by said order.

*Henry M. Dater*, for the appellant.

*William Adams Robinson*, for the respondent.

Willard Bartlett, J.:

This action was brought to abate an alleged nuisance consisting in the maintenance of certain cow stables by the defendant in the city of Brooklyn, and to enjoin the further continuance of such nuisance. When the case came on for trial a settlement was proposed, and the parties and their counsel agreed to the entry of a judgment which should award to the plaintiff the relief demanded in the amended complaint. The judgment actually entered upon this consent was broader than it authorized, and the terms of the judgment were such as to require the defendant not only to cease maintaining the alleged nuisance, but to remove the stable structures from his premises. The defendant, ascertaining this, moved at Special Term to modify the judgment by striking out this requirement, or that he be granted such relief as might be just. Thereupon the court made an order, the effect of which was to modify the judgment by omitting therefrom the direction for the removal of the defendant's buildings, and to provide for setting it aside, unless the plaintiff should consent to such modification. The plaintiff did consent, and the modified judgment was entered in lieu of the original. The defendant now appeals from the modified judgment and from the order of modification, so far as it denied his motion to reopen or set aside the judgment entirely.

We are unable to perceive that the appellant has any grievance. The papers read on the motion leave no doubt that the judgment as modified is the judgment which the defendant consented should be

taken against him. The defendant's own affidavit shows that his purpose in making the application was to protect his buildings. The modification granted by the court had precisely that effect. He thus obtained everything to which he was entitled. So long as the original judgment stood, he had cause for complaint, because it did not conform to his consent, but after it was amended so as to accord therewith, his cause for complaint was gone.

The brief of the learned counsel for the defendant is largely devoted to a discussion of the proposition that an attorney has no authority to bind his client by consenting to the entry of a judgment without his client's consent. This point, however, we do not deem it necessary to consider, inasmuch as the statement of the defendant himself shows that he participated in whatever consent was given.

The judgment and order appealed from should be affirmed, with ten dollars costs and disbursements. As the judgment was entered by consent, and is appealed from only by reason of a controversy in regard to the terms in which it should have been drawn, the full costs usually allowed upon an appeal from a judgment ought not to be awarded in this case.

All concurred, except CULLEN, J., not sitting.

Judgment and order affirmed, with ten dollars costs and disbursements.